# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| **DANIEL T. PAULY, as Personal Representative of the ESTATE OF SAMUEL PAULY, and DANIEL B. PAULY, individually,**<br><br>    Plaintiffs - Appellees,<br><br>v.<br><br>**RAY WHITE, MICHAEL MARISCAL, and KEVIN TRUESDALE,**<br><br>    Defendants - Appellants,<br><br>**STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,**<br><br>    Defendants. | **Case No. 14-2035** |

## OPPOSED MOTION TO CORRECT OPINION

**COME NOW** Defendants-Appellants Ray White, Michael Mariscal, and Kevin Truesdale, by and through their attorneys of record Jarmie & Associates (Mark D. Standridge, Mark D. Jarmie and Matthew D. Bullock), and respectfully request that this honorable Court correct its opinion of October 31, 2017 in this matter. In support of their Motion to Correct Opinion, Defendants-Appellants state as follows:

    1.    This Court issued its last opinion in this case on October 31, 2017. The opinion was designated for publication. *See generally Pauly v. White*, __ F.3d __, No.

1

14-2035, 2017 WL 4898699 (10th Cir. Oct. 31, 2017) (slip op.).

2. In its Opinion, the Court stated it was "misled by defendant's [sic] briefs on appeal," i.e. that the Court was "misled by the erroneous assertions about the record that defendants made to [the Court] on appeal." *Pauly v. White*, No. 14-2035, pp.19-20, 2017 WL 4898699, *9. Specifically, the Court stated that Defendants "framed the case as one where Officer White entered the situation without participation in, or knowledge of, the alleged reckless conduct of the officers that escalated into a gunfight." *Id.* p.19, 2017 WL 4898699, *9.

3. The Court cites only one example of these purportedly "misleading" statements: "[f]or instance, Officer White's opening brief stated, 'Officer White did not arrive at the Paulys' house until just before one of the Pauly brothers yelled out "We have guns."'" No. 14-2035, p.19, 2017 WL 4898699, *9 (citing Aplt. Op. Br. at 9).

4. The above-cited passage comes from the opening paragraph of Defendants' Statement of Facts "As Known to Officer White" from Defendants' May 12, 2014 Opening Brief in this case. In their Opening Brief, Defendants correctly and truthfully stated that Officer White arrived "moments" before the Pauly brothers yelled out from inside the house, and at all times cited to the relevant portions of the Appellate Appendix to support this assertion. *See* Aplt. Op. Br. at pp.23-24 ("[w]ithin

2

moments of [Officer White] arriving at the front of the Pauly residence, one of the Pauly brothers yelled out 'We have guns'") (citing Aplt. App'x at 117-18, 217); p.24 ("the undisputed facts as set forth by the District Court demonstrate that Officer White arrived just moments before Daniel Pauly began firing and Samuel aimed a handgun at Officer White") (citing Aplt. App'x at 680).

5. Pages 117-18 of the Appellate Appendix consist of a portion of a New Mexico State Police Supplemental Report regarding the shooting at issue in this case. That report suggests that Officer White "was on scene for approximately three minutes prior to shots being fired." Aplt. App'x at 117. The report also states that, "[w]ithin two and a half minutes of being at the [Pauly] residence, Officer White heard a male voice from inside the residence yelled [sic] that 'We have guns...'" Aplt. App'x at 118.[1]

---

[1] In their February 23, 2017 Supplemental Brief in this case, Defendants further elucidated the precise time that Officer White was in the vicinity of the Pauly residence. *See* Aplt. Supp. Br., p.11 n.2. As stated therein, Officer Truesdale's COBAN recording (submitted as part of the record in this case) indicates that Officer White arrived just before 11:17:00 at the "lower" residence located at the Paulys' address. Officer White was visible until 11:17:35, at which point he proceeded to the upper residence. Once at the upper residence, Officer White personally announced "State Police," and heard Officers Mariscal and Truesdale announce "State Police" approximately five times each. Aplt. App'x at 179 (citing *id.* at 219-20). The Officer's identification of "State Police" can be heard twice in the COBAN recording (approx. 11:18:00 to 11:18:20), putting White at the upper residence no earlier than approximately 11:18:00. Daniel Pauly's first shot was fired at 11:19:42, less than two minutes later. *See also* Aplt. App'x at 164.

3

6. Page 217 of the Appellate Appendix is a page from Officer White's deposition in this case. In the cited portion of the deposition, while Officer White could not recall exactly how long it took to walk from his patrol vehicle to the Pauly residence, he recalled hearing the other Officers "continuing to announce themselves" at the Pauly residence and that he "jogged up to their location." Aplt. App'x at 217.

7. Finally, page 680 of the Appellate Appendix is a section of the District Court's Memorandum Opinion and Order denying Officer White's Motion for Summary Judgment. In its Opinion, the District Court set forth a "recitation of material facts and reasonable references reflect[ing] the Plaintiffs' version of the facts as gleaned from the evidence of record and exclude[d] facts, contested or otherwise," which the Court deemed not to be "properly before this Court in this Motion for Summary Judgment." Aplt. App'x at 675.

8. Page 680 of the Appellate Appendix–which is page 9 of the District Court's summary judgment order on Officer White's motion–states the following:

> While Officers Truesdale and Mariscal were trying to get the [Pauly] brothers to come out of the house and before one of the brothers yelled out, "We have guns," Officer White arrived at the Firehouse Road address and walked up towards the brothers' house, using his flashlight periodically...Officer White could also see two males walking in the front living room...In addition, Officer White heard a male from inside of the house say, "We have guns."...When Officer White reached the front of the house, Officer Mariscal was still in the front of the house while Officer Truesdale was already at the rear of the brothers' house...After hearing, "We have guns," Officer White took cover behind a stone wall located 50 feet from the front of the house and drew his

4

      duty weapon while Officer Mariscal took cover behind a Ford pickup truck
      and unholstered his duty weapon.

Aplt. App'x at 680 (citations omitted).

    9.    Defendants repeated this assertion in their July 17, 2014 Reply Brief. Aplt. Rep. Br., p.10 ("Officer White...arrived on scene moments before hearing Daniel Pauly say 'We have guns'"); *see also id.* p.12 (arguing that Officer White's "actions were sensible and justifiably taken in response to the threat that unexpectedly materialized just moments after he arrived at the Pauly residence").

    10.    The Court issued its Mandate in this case on November 22, 2017.

    11.    Pursuant to 10th Cir. R. 27.1, Counsel for the Plaintiffs/Appellees were contacted on November 20, 2017 and oppose this Motion.

    12.    As discussed herein, Defendants did not intentionally mislead this Court by stating that Officer White arrived at the Pauly residence moments before hearing one of the Paulys shout "We have guns."

### **Argument and Authorities**

A "moment" is "[a] brief, indefinite interval of time." AM. HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1136 (5th ed. 2011). It is synonymous with, *inter alia*, "minute." *See id.* ("A *moment* is an indeterminately short but significant period: '*I'll be with you in a moment. Instant* is a period of time almost too brief to detect; it implies haste: *He hesitated for just an instant. Minute* is often

5

interchangeable with *moment* and *second* with *instant*") (emphasis in original); *see also*, *e.g.*, *Rattray v. Woodbury Cnty.*, 788 F.Supp.2d 839, 844 (N.D. Iowa 2011) (characterizing a period of "less than ten minutes" as "mere moments"); *United States v. Mobile Towing and Wrecking Co.*, 144 F.Supp. 472, 473 (S.D. Ala. 1956) (characterizing a period of "not more than two minutes" as "a matter of moments").

To "mislead" is "[t]o cause (another person) to believe something that is not so" or "to deceive." BLACK'S LAW DICTIONARY 1151 (10th ed. 2014). The term usually "implies willful deceit." *Id.* Defendants did not intentionally or willfully mislead this Court in their 2014 appellate briefs filed in this case. Defendants properly characterized Officer White as arriving "[j]ust before" or "moments before" hearing Daniel Pauly yell "We have guns." "Moments" are synonymous with "minutes" as noted above, and as Defendants have acknowledged, Officer White was at the scene of the upper house no more than two minutes before Daniel Pauly yelled "We have guns," while the other Officers would have been trying to get the Pauly brothers to come out of the house. In their original 2014 briefs, Defendants did not state that Officer White arrived "seconds before," "instantly before," "immediately before," or "just as" Daniel Pauly yelled at the Officers (i.e. the Defendants did not use any intentionally misleading language, nor did Defendants willfully seek to contort the facts of this case). In sum, the Defendants did not intentionally or willfully

6

mislead this Court with the language employed in their briefs in this case.

Notably, in the Statement of Facts section of their Opening Brief, the Defendants pulled largely from the District Court's recitation of facts. *Compare* Aplt. Op. Br., pp.5-11, *with* Aplt. App'x, pp.676-81, 694-700. Indeed, the vast majority of Defendants' citations to the record were to the factual recitation portions of the District Court's opinions denying summary judgment. *See generally id.* Defendants did so knowing that this appeal has always concerned whether or not "the conduct *which the District court deemed sufficiently supported for purposes of summary judgment*" meets the applicable legal standards for qualified immunity (emphasis supplied). *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *see also* Aplt. Rep. Br., pp.1-2. Elsewhere, the Defendants cited to specific portions of the record which suggested that Officer White was on scene minutes before 1) Daniel Pauly yelled "We have guns" and 2) shots were fired. Aplt. Op. Br. at pp.23-24 (citing Aplt. App'x at 117-18). Defendants did not–and cannot–intentionally mislead the Court by citing to relevant portions of the record showing that Officer White was in the vicinity of the Pauly residence between two and three minutes before hearing "We have guns."[2]

Given the above, Defendants strenuously object to the suggestion that they have "misled" the Court, and in particular, that they intentionally or willfully misled

---

[2] *But see* footnote 1, *supra*, of this Motion.

this Court. Defendants thus respectfully request that this Court correct its October 31, 2017 opinion *nunc pro tunc* to omit any statement that the Defendants misled this Court. *See Shroff v. Spellman*, 604 F.3d 1179 (10th Cir. 2010) (granting Appellee's Motion to Correct opinion and correcting opinion *nunc pro tunc* after this Court had referred to Appellee using an unflattering adjective in its original opinion).[3]

**WHEREFORE**, Defendant-Appellants respectfully request that this honorable Court correct its October 31, 2017 opinion *nunc pro tunc* to remove any suggestion that the Defendants misled the Court in their appellate briefs.

Respectfully submitted,

/s/ Mark D. Standridge
Mark D. Standridge
Jarmie & Associates
P.O. Box 344
Las Cruces, NM 88004
(575) 526-3338
Fax: (575) 526-6791
mstandridge@jarmielaw.com

---

[3] The substance of the Motion to Correct in *Shroff* is not discussed in the body of this Court's opinion in that case. Defendants have reviewed the Appellee's April 30, 2010 Motion in *Shroff*–which was filed after the mandate in that case was issued on April 14, 2010–and respectfully request that this Court take judicial notice of its own records. *See*, *e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010) (noting "a court may take judicial notice...of its own records and files").

 /s/ Mark D. Standridge, for:
Mark D. Jarmie
Matthew D. Bullock
Jarmie & Associates
P.O. Box 26416
Albuquerque, NM 87125-6416
(505) 243-6727
Fax: (505) 242-5777
mjarmie@jarmielaw.com
mbullock@jarmielaw.com
Attorneys for Appellants

## CERTIFICATION OF DIGITAL SUBMISSION

I HEREBY CERTIFY that one native .pdf copy of the foregoing Motion was submitted via this Court's CM/ECF filing system on this the 24th day of November, 2017.

I ALSO CERTIFY that no privacy redactions were required in the filing of this Motion and that this electronically-filed version of this Motion is identical to the paper copies of this Motion submitted pursuant to FED. R. APP. P. 27(d)(3).

I ALSO CERTIFY that this native .pdf copy of the foregoing Motion has been scanned for viruses with the program AVG Internet Security, last updated on this the 24th day of November, and that, according to the program, this Motion is free of viruses.

    /s/ Mark D. Standridge
Mark D. Standridge
Jarmie & Associates
Attorneys for Appellants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served by this Court's CM/ECF filing system to all counsel of record on this the 24th day of November, 2017, as reflected more fully in the Notice of Docket Activity generated by the Court's ECF system, and that a true and correct copy of the foregoing was served via U.S Mail on the 24th day of November, 2017 upon:

    Lee Hunt
    Hunt & Marshall LLC
    518 Old Santa Fe Trail, Ste 501
    Santa Fe, NM 87505-0398


                                        /s/ Mark D. Standridge
                                        Mark D. Standridge
                                        Jarmie & Associates
                                        Attorneys for Appellants